**MERIDIAN, INC., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15090.**

United States Court of Appeals
Sixth Circuit.
Sept. 4, 1963.

James E. Mitchell, Youngstown, Ohio, for petitioner, Mitchell, Mitchell & Reed, Youngstown, Ohio, on the brief.

Michael Mulroney, Atty., Dept. of Justice, Washington, D. C., for respondent, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Michael I. Smith, Alan D. Pekelner, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

This is an appeal from the decision of the Tax Court in which it held that the gain arising from the sale of certain property, which had been leased with an option to purchase, was ordinary income rather than capital gain from the sale of a capital asset.

The DeBartolo Company is a corporation engaged in constructing buildings, and operating real estate. In order to carry out its construction projects, the DeBartolo Company formed a separate company, Meridian, Inc., the taxpayer in this case. Among the corporate objectives of Meridian, Inc. were the securing of building sites, the arranging of financing by long-term mortgages, and the negotiation of leases for buildings to be constructed by the DeBartolo Company. These buildings were to be constructed at cost, according to plans and specifications provided by Meridian, Inc. and its tenants. From 1948 through 1961, Meridian, Inc. negotiated eight long-term leases, usually for fifteen years or more, with tenants of good financial standing. Six of the leases contained an option to purchase. Five of the six options to purchase were extended to tenants of Meridian, Inc. The sixth option to purchase was extended to a third party. The five options to purchase that were granted the tenants of Meridian, Inc. were exercised as follows:

|  | Transaction | Date of Lease | Date of Exercise of Option |
|---|---|---|---|
| 1. | Whittmer-Jackson Co. | Aug. 28, 1948 | July 1, 1960 |
| 2. | Ohio Machinery Co. | Oct. 1948 | Dec. 17, 1952 |
| 3. | 7-Up Bottling Company | May 1949 | Aug. 19, 1949 |
| 4. | Century Food Mkts. Co. | July 1949 | Dec. 28, 1954 |
| 5. | Paul M. Fithian | Nov. 1949 | Sept. 1950 |

This case arose out of the fourth lease above mentioned which Meridian, Inc. made with the Century Food Markets Company, hereafter called the Century Markets. Meridian, Inc., according to the agreement, was to erect, at a contract price of $385,000, a warehouse and office building in accordance with certain revised plans and specifications prepared by an architect obtained by Century Markets. The lease was for twenty-one years, with an option to purchase. The rental payments provided in the lease, were as follows: For the first six years, $37,200 a year; for the next five years, $36,000 a year; for the next five years, $34,800 a year and, for the last five years, $29,000 a year.

The Century Food Markets Company, in the lease, was given an option to purchase the property for $346,000, later increased to $347,625. However, the option could be exercised only at the end of the fifth year of the leased term. If Century Markets did not exercise its option at that time, then Meridian, Inc. could sell the leased premises on the open market at any time after the fifth year of the lease.

Century Markets exercised the option to purchase the property on December 28, 1954.

The Commissioner of Internal Revenue determined that the profit of Meridian, Inc. in the amount of $135,292.39 from the sale of the property to Century Markets was taxable as ordinary income and not as capital gain. The Tax Court sustained the Commissioner's determination on the ground that the profit on the sale of the property "was derived from property held by petitioner primarily for sale to customers in the ordinary course of its trade or business," and, not being proceeds from the sale of a capital asset, was ordinary income. Title 26 U.S.C. § 1221, 1958 Ed.

■ The determination that property was held primarily for sale to customers in the ordinary course of business is a factual determination; each case turns upon its own particular facts; no one circumstance or factor is controlling. Bauschard v. Commissioner, 279 F.2d 115 (C.A.6). Under well-settled principles, such factual determination may not be disturbed upon appeal, unless it is clearly erroneous. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746. "Primarily," as used in Title 26 U.S.C. § 1221, has been held to mean "essentially" or "substantially." Greene-Haldeman v. Commissioner, 282 F.2d 884 (C.A.9); Rollingwood Corp. v. Commissioner, 190 F.2d 263 (C.A.9); and sometimes the decision of a case turns upon the interpretation of those terms. We do not consider that any distinction between "primarily," or "essentially," or "substantially" is a controlling consideration in this case.

The sale of real estate appears to have been a primary, as well as an essential, or substantial, part of the business of Meridian, Inc. inasmuch as one of the purposes for which it was formed, according to its corporate charter, was "to purchase, acquire, hold, convey, lease, mortgage, or dispose of property, real or personal * * *." A corporation may have a dual purpose,—or, two purposes, one of which is equally as important as the other. Bauschard v. Commissioner, supra.

In considering whether the decision of the Tax Court was clearly erroneous, regard must be had for the various circumstances relating to the lease and sale of the property by Meridian, Inc. to Century Markets. It was one of five leases negotiated during a two-year period. The building was constructed for Century Markets in accordance with the plans of its architect, and, afterward, modified, with its approval. Each of the five above-mentioned leases contained an option to purchase. Each option to purchase was, in effect, an offer to sell. In all of the five leases the option to purchase was exercised, and, accordingly, in all five instances, the properties were sold by Meridian, Inc. to the former lessees. We mention these four other transactions in which Meridian, Inc. was involved in order to place its transaction with Century Markets in the context of Meridian's entire, and, as might be termed, its usual, operations.

■ Considering the corporate objectives of Meridian, Inc.; the construction of the buildings for the special convenience and use of the various lessees in accordance with their plans and specifications; the right reserved to Meridian, Inc. to sell the properties at any time after the first five-year period of the leases, if the options to purchase were not exercised at that time; the exercise of the options, and the sale of the properties; we are unable to conclude that, under the applicable statute, the Tax Court was clearly erroneous in its determination that one of the primary or essential purposes of Meridian, Inc. was the holding of property for sale to customers in the ordinary course of its trade or business, and that the gain realized from its sale to Century Markets was ordinary income.

The decision of the Tax Court is, accordingly, affirmed.